UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8: 11-CR-482-T-24EAJ

JOSE ALFREDO SILVA
_____/

**O R D E R**

In April 2014, the United States Sentencing Commission ("Commission") promulgated and submitted to Congress Amendment 782 to the United States Sentencing Guidelines, which reduced the sentencing guidelines for most federal drug trafficking offenders. Specifically, Amendment 782 reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table. In July 2014, the Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782. See United States v. Peak, 579 F.App'x 888, 891 n.1 (11th Cir. 2014).

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 782 (Dkt.101) and the Government's response (Dkt.103). In his motion, Defendant seeks a sentence reduction based on Amendment 782. Additionally, Defendant seeks release from custody prior to November 1, 2015, the delayed release date selected by the Commission in its policy statement, USSG § 1B1.10(e). While the Government agrees that Defendant is eligible for the two-level reduction under

Amendment 782, and does not oppose a reduced sentence of 51 months or time served, whichever is longer, it opposes Defendant's request to be released before November 1, 2015.

Defendant was sentenced before the effective date of Amendment 782. The retroactive application of Amendment 782 therefore reduces his sentencing guidelines range by two levels. Where, as here, a defendant's original sentence was based on a sentencing range which has subsequently been lowered by a retroactive guidelines amendment, the defendant's sentence may be reduced "if such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, Defendant is eligible for a sentence reduction under Amendment 782 and his motion will be granted to that extent, effective November 1, 2015 pursuant to USSG § 1B1.10(e). The motion is DENIED to the extent Defendant seeks release from custody prior to November 1, 2015.[1]

## Conclusion

After considering the factors in section 3553(a), Defendant's Motion for Sentence Reduction Under Amendment 782 (Dkt. 193) is **GRANTED** to the extent that his sentence of imprisonment is reduced to 51 months or time served, whichever is longer. *See* USSG § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less

---

[1] Defendant's arguments challenging the delayed release provision of USSG § 1B1.10(e) are virtually identical to those made in a similar motion filed before The Hon. James D. Whittemore in *United States v. Taurino Espinoza*, 2015 WL 736396 (M.D. Fla. Feb. 20, 2015). The court in *Espinoza* rejected those arguments in a detailed analysis and those findings and conclusions are incorporated by reference herein. (*Id.*)

than the term of imprisonment the defendant has already served."). This reduction is effective November 1, 2015 pursuant to USSG § 1B1.10(e).  All other terms and conditions of the original sentence remain the same.  The motion is **DENIED** to the extent Defendant seeks a release from imprisonment prior to November 1, 2015.

      **DONE and ORDERED** in Chambers at Tampa, Florida, on March 12 2015. .

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record